IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DARRYL ZIEGLER                                                    PETITIONER
REG. #07602-043

V.                                    NO. 2:05CV00164 JWC

LINDA SANDERS, Warden,                                           RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Darryl Ziegler, an inmate formerly at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City),[1] brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1), alleging that the Bureau of Prisons (BOP) has failed to properly compute his federal sentence.  Respondent has filed a response, along with a supplement (docket entries #10, #14), and Petitioner has replied (docket entries #13, #15).  For the reasons that follow, the petition must be DISMISSED.[2]

I.

The following facts are undisputed and are supported by the record.

On November 30, 2002, while Petitioner was free on bond on a Mississippi state charge for possession of cocaine, he was arrested by Mississippi state authorities for driving with a suspended drivers license and being a felon in possession of a firearm.  He was taken into state custody.

---

[1]Petitioner has been transferred to the FCI in Waseco, Minnesota (see docket entry #16).

[2]The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #11).

On March 4, 2003, a federal indictment was returned in the United States District Court for the Southern District of Mississippi charging Petitioner with receiving stolen firearms and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) & (j). United States v. Ziegler, et al., No. 3:03-cr-00040-WHB-2, at docket entry #1 (S.D. Miss.) (Ziegler I).[3] On March 13, 2003, the Mississippi district court issued a writ of habeas corpus *ad prosequendum* for Petitioner to appear for plea and arraignment on the federal charges. Id. at docket entries #3, #4 & 3/13/03 entry. On March 18, he was transferred to the custody of the United States Marshals Service (USMS) pursuant to the writ and, on March 20, he pleaded not guilty to the federal charges in the Mississippi district court. Id. at docket entry #12 & entries on 3/19/03 & 3/20/03.

Following the federal plea and arraignment, Petitioner was returned to the physical custody of the State of Mississippi. On April 1, 2003, he pleaded guilty in Mississippi state court to the state charge of possession of cocaine, and he was sentenced to six years of imprisonment in the Mississippi Department of Corrections (MDC). The state court judge ordered this sentence to run concurrently with the not-yet-imposed federal sentence. State v. Ziegler, No. 2002-0153 (Copiah Co. Cir. Ct. Aug. 18, 2003) (Pl.'s Ex. B to docket entry #15). The state sentence was later amended to six years, with four years and eight months suspended.

At some point not clear from the record, Petitioner was transferred back into USMS custody for a change of plea hearing and sentencing on the federal charges. On September 2, 2003, he pleaded guilty in the Mississippi federal district court to possessing

[3]The Court has accessed these records electronically.

2

stolen firearms and being a felon in possession of a firearm.  On November 21, 2003, the Mississippi district court imposed judgment and pronounced sentences of 103 months on each conviction.  Ziegler I, supra at docket entries #29, #32, #34, & entries on 9/02/03 & 11/21/03 (Severson Decl.[4], att. 2).  Although the Mississippi district court's judgment stated that the sentences on the federal convictions were to run concurrently with each other, it was silent as to whether the federal sentences were to run concurrent with or consecutive to the existing state court sentence.

On December 19, 2003, Petitioner was transferred back into state custody.  On March 28, 2004, he was paroled from his Mississippi state sentence but remained in state custody pursuant to a federal detainer.  On May 17, 2004, he was turned over to the USMS, and he was designated to FCI-Forrest City on June 28, 2004.  (Severson Decl., att. 3.)

The BOP computed Petitioner's federal sentence as commencing on March 28, 2004, thereby construing the federal sentence as running consecutive to the Mississippi state sentence.  Petitioner objected to this computation through the BOP's administrative remedy procedure, asserting that his state sentence was concurrent to his federal sentence and asking that he be given credit on his federal sentence for all time spent in either federal or state custody.   The FCI-Forrest City warden denied his request for relief.

---

[4]This is the declaration of Daniel R. Severson, a paralegal specialist with the BOP, attached to docket entry #10.

(Severson Decl., att. 5, at 6-7.)[5]  Petitioner appealed to the BOP Regional Director, who

affirmed, stating:

> You indicate the state judge ordered your state sentence to run concurrently with your federal sentence.  However, your federal sentence was not operative when you were sentenced in state court.  In addition, an order by the state judge is not binding upon the Bureau of Prisons.  The state judge has no statutory authority to commence the federal sentence.
>
> As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the Bureau of Prisons considers an inmate's request for presentence credit toward a federal sentence, for time spent in service of a state sentence, as a request for a *nunc pro tunc* designation.  The Court in Barden held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.  However, in accordance with our policy, a designation for concurrent service of a sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.
>
> When reviewing cases for possible concurrent designation to a state facility, we consider the available information, consistent with Title 18 U.S.C. § 3621, Imprisonment of a Convicted Person.  We are also provided guidance in Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence*.  In your case, we find commencement of your federal sentence by way of a concurrent designation is not consistent with Bureau of Prisons' policy or federal statute.  Moreover, your federal Judgment and Commitment Order was silent as to the service of your federal sentence; thus it was appropriately calculated as consecutive to your state term.

(Id. at 4.)[6]  Petitioner's appeal to the National Inmate Appeals administrator was denied on

the basis that the Regional Office "acted within the boundaries of [its] discretionary

authority" in determining that a *nunc pro tunc* designation would not be consistent with the

goals of the criminal justice system.  (Id. at 2.)

---

[5]Attachment 5 consists of documentation of the administrative remedies pursued by Petitioner and the BOP decisions at each level.  The pages are not numbered, so they are referenced in the order in which they are attached.

[6]The second page of the Regional Director's decision was omitted from attachment 5 and was submitted later as docket entry #14.

Respondent does not argue that the issues presented are unexhausted.  (Severson Decl. ¶ 8 & att. 5.)  The Court will, therefore, proceed to the merits.

## II.

In this § 2241 habeas petition,[7] Petitioner argues that: (1) his federal sentence began running on March 18, 2003,[8] when he was transferred to the custody of the USMS; (2) the BOP erred by not giving him credit on his federal sentence for the time he served on his Mississippi state sentence; and (3) the BOP erred in refusing to designate, *nunc pro tunc*, the MDC as the facility for service of his federal sentence.  Petitioner says he should have been given credit on his federal sentence for the time between March 18, 2003, and March 31, 2003, as a period of "pretrial detention," and for the period he was serving his state sentence (April 1, 2003, to March 27, 2004) because the federal and state sentences were running concurrently.

The United States Attorney General, through the BOP, is responsible for imprisoning federal offenders, computing their sentences, and determining how much credit should be awarded for any presentence custody.  United States v. Wilson, 503 U.S. 329, 331-337 (1992); see 28 C.F.R. § 0.96 (2006).  Computation of a federal sentence is governed by

---

[7]At the time of filing, this Court (in the federal district where Petitioner was confined) had subject matter jurisdiction over these claims to the extent they attack the execution of his federal sentence, that is, the manner in which his sentence is being carried out.  See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Jimian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (§ 2241 petition "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").

[8]In several places, Petitioner incorrectly refers to March 4 as the date he was transferred to USMS custody.  This assertion is not supported by the record and is inconsistent with his other allegations.

18 U.S.C. § 3585 and is comprised of two steps: first, determining the date on which the sentence "commences," and second, determining the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

Under § 3585(a), a federal sentence commences when the defendant is received for transportation to or arrives at "the official detention facility at which the sentence is to be served."  The BOP is authorized by statute to designate the official detention facility where a defendant will serve his federal sentence.  18 U.S.C. § 3621(b); see Reno v. Koray, 515 U.S. 50, 58 (1995); 28 C.F.R. § 0.96(c).

Petitioner asserts that his federal sentence commenced when he was placed in USMS custody on March 18, 2003.  Respondent, on the other hand, says the federal sentence did not commence until Petitioner was paroled from his state sentence on March 28, 2004, that the State of Mississippi always maintained primary jurisdiction over Petitioner before then, and that federal authorities merely "borrowed" him from state officials pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried on the federal charges.

When two separate sovereigns exercise jurisdiction over the same person during the same time period, "primary jurisdiction is generally determined by which one first obtains custody of, or arrests, the person."  United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).  The controlling factor is "actual physical custody" of the accused.  Id.  If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."  Id. at 896-97.  Issuance of a writ of habeas corpus *ad prosequendum*, which is used to obtain custody of a defendant so that

6

he can be prosecuted in the proper jurisdiction, does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody. <u>Munz v. Michael</u>, 28 F.3d 795, 798 & n.3 (8th Cir. 1994).

The BOP's stated policy is consistent with these principles, providing that, if a prisoner "is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition." BOP Program Statement 5880.28, at 1-12 (emphasis in original).[9]

The record presented here demonstrates that the State of Mississippi obtained primary jurisdiction over Petitioner on November 30, 2002, which it did not relinquish until expiration of the state sentence on March 28, 2004. He was merely "on loan" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum* for plea and arraignment (for a brief period in March 2003) and for sentencing (from sometime after August 18, 2003, until December 19, 2003). Immediately upon completion of the federal court sentencing, he was returned to state custody, rather than being committed to the custody of the BOP to begin service of the federal sentence just imposed. Therefore, he was in state custody, not federal custody, when his federal sentence was imposed. At the time of his state parole on March 28, 2004, he began awaiting transfer to the federal institution designated by the BOP and that is, therefore, the date his federal sentence commenced. See <u>Cole</u>, 416 F.3d at 897 (because defendant returned to state custody after receiving

_____

[9]Available at www.bop.gov.

his federal sentence, rather than being committed into BOP custody, he did not begin serving his federal sentence at that time).

Regardless of any overlapping custodial periods, a federal sentence cannot commence prior to the date it is pronounced.  Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006); BOP Program Statement 5880.28, at 1-13.  As the Mississippi district court did not pronounce the federal sentence until November 21, 2003, Petitioner's sentence could not have commenced before then.  (See Severson Decl., att. 2.)

The next inquiry is whether Petitioner is entitled to credit on his federal sentence, under 18 U.S.C. § 3585(b), for any time spent in custody before commencement of his federal sentence.  Section § 3585(b) provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed

that has not been credited against another sentence.

The determination of whether a defendant should be given credit for time served under this statute "is properly left to the Bureau of Prisons" and is made only "after the defendant begins his sentence."  United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

It is undisputed that the custodial periods in question were credited against Petitioner's state sentence.  (See Severson Decl., att. 5, at 7.)  Under  § 3585(b), a defendant can receive credit on a federal sentence only for time "that has not been credited against another sentence."  The Supreme Court has made it clear that the statute

prohibits a defendant from receiving "a double credit for his detention time." Wilson, 503 U.S. at 337.  See also  Baker v. Tippy, No. 99-2841, 230 F.3d 1362 (8th Cir. 2000) (unpub. table op.) (federal defendant not entitled to "additional credit against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal charges on a federal offense, and the date his state sentence expired); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Petitioner argues that he is entitled, under 18 U.S.C. § 3584 and § 5G1.3 of the United States Sentencing Guidelines, to have the time spent in state prison on Mississippi state charges credited against his federal sentence.  Alternatively, he contends that the BOP should have designated that he serve his federal sentence in the MDC, *nunc pro tunc*.

Section 3584, governing multiple imprisonment terms, provides:

(a) Imposition of concurrent or consecutive terms. – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.] ... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.**

Under § 3584(a), federal district courts retain "broad statutory authority" to impose a sentence to run consecutively with or concurrently to an existing imprisonment term. United States v. Meyers, 401 F.3d 959, 961 (8th Cir. 2005).  The Sentencing Guidelines, which are now advisory, "give only the most general guidance to district courts in exercising

this discretion." <u>United States v. Atteberry</u>, 447 F.3d 562, 564 (8th Cir. 2006).  The statute also creates a presumption that, when multiple terms of imprisonment are imposed at different times, they run consecutively unless the district court specifically orders that they run concurrently.  <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003).

BOP policy echoes the statutory language.  <u>See</u> BOP Program Statement 5880.28, at 1-32 (§ 3584(a) "allows the court flexibility in sentencing when multiple terms of imprisonment are imposed and codifies the rules to follow if the court remains silent"); <u>id</u>. 5160.05(7)(b) ("When there is a previously imposed sentence ... in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively.").

In light of § 3584(a)'s clear language, the relevant case law, established BOP policy, and the Mississippi district court's silence on the concurrent/consecutive issue, the BOP did not abuse its discretion in refusing to compute Petitioner's federal sentence as running concurrent to the Mississippi state sentence.

The Mississippi state court's order for concurrent sentences does not dictate a different result.  While a state court may express its intent that a defendant's state sentence run concurrently with a federal sentence, this intent is not binding on federal courts or the BOP.  <u>Abdul-Malik v. Hawk-Sawyer</u>, 403 F.3d 72, 75 (2d Cir. 2005); <u>Leal v. Tombone</u>, 341 F.3d 427, 428-30 (5th Cir. 2003); <u>Barden v. Keohane</u>, 921 F.2d 476, 478 n.4 (3d Cir. 1990).  Rather, the BOP has discretionary authority to designate where a federal prisoner will serve his federal sentence pursuant to 18 U.S.C. § 3621(b).  <u>Abdul-Malik</u>, 403 F.3d at 76.  Only where the BOP specifically designates the state facility will a

10

prisoner receive credit on his federal sentence for time spent incarcerated in a state prison. <u>Barden</u>, 921 F.2d at 480.  Where the federal court's sentencing order (which was silent on the issue) conflicts with the state sentencing order (which directed concurrent terms), the federal order controls.  <u>United States v. Mayotte</u>, 249 F.3d 797, 799 (8th Cir. 2001).

To the extent that Petitioner is asking this Court to review the Mississippi federal district court's sentence, including the court's failure to exercise its discretion to run his federal sentence concurrently to the existing Mississippi state sentence, a § 2241 habeas petition is not the appropriate remedy.  Any challenges to the validity of a sentence must be brought in the court where the defendant was sentenced via a 28 U.S.C. § 2255 motion. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 2984 (2005); <u>see</u> § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  A defendant cannot utilize a § 2241 habeas petition, filed in the district of confinement, to challenge his sentence unless he demonstrates that § 2255 is "inadequate or ineffective."  <u>Abdullah</u>, 392 F.3d at 959.

Petitioner asserts, and court records for the Southern District of Mississippi confirm, that he filed a timely § 2255 motion there, alleging that his sentence was improperly enhanced by the judge, rather than a jury, under the holding of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).  <u>Ziegler I</u>, <u>supra</u> at docket entry #38.  The § 2255 motion was denied on March 24, 2005, and the denial is currently on appeal to the Fifth Circuit Court of Appeals.  <u>Id.</u> at docket entries #49-#63.  Petitioner knew soon after his arrival at FCI-Forrest City in June 2004 that the federal and state sentences were not being treated as concurrent, and he could have included a claim in his § 2255 motion, or an amendment, that the federal court should have specified that they run concurrently.  The § 2255 remedy

11

is not inadequate merely because Petitioner chose not to pursue this particular sentencing claim in his § 2255 motion or because he does not meet the stringent statutory requirements for filing a second or successive § 2255 motion. <u>Abdullah</u>, 392 F.3d at 959; <u>Hill v. Morrison</u>, 349 F.3d 1089, 1092 (8th Cir. 2003); <u>see</u> § 2255 ¶ 8(2). Petitioner has not alleged, much less met his burden of demonstrating, that the § 2255 remedy was "inadequate or ineffective" for him to pursue this sentencing claim. Therefore, this Court does not have jurisdiction to consider it. <u>See</u> <u>Abdullah</u>, 392 F.3d at 958.

Petitioner's final argument regarding his sentence is that the BOP should have designated the state prison as the facility for service of his federal sentence. The BOP is authorized by statute to designate a non-federal facility as the place where a federal prisoner will serve a federal term of imprisonment. 18 U.S.C. § 3621(b); <u>see</u> BOP Program Statement 5160.05(7) (Severson Decl., att. 4).

The BOP will designate a state institution for concurrent service of a federal sentence only "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." <u>Id.</u> 5160.05(3)(a) & (8). While recognizing the general rule that a federal sentence runs consecutively to an existing sentence if the federal judge does not state that the sentences are to run concurrently, BOP policy allows exceptions based on the merits of a particular case. <u>Id.</u> 5160.05(7)(b) & (8)(a). In exercising its discretion to make such an exception for concurrent designation, the BOP is to consider: the inmate's disciplinary history, his institutional adjustment, any recommendations of the wardens at the state and federal institutions, any recommendations by the United States Attorney, the intent of the federal sentencing court "if available," and "any other pertinent information." <u>Id.</u> 5160.05(8)(a). Normally, the BOP

12

will designate a non-federal institution "when it is consistent with the federal sentencing court's intent," which is usually established through language in the federal sentencing court's judgment. Id. 5160.05(9)(b); see also id. 5880.28, at 1-13 (non-federal designation "is ordinarily made only upon the recommendation of the [federal] sentencing court").

The federal courts, and the BOP's stated policy, recognize that the BOP also has the statutory authority to decide whether a state prison where an inmate served a state sentence should be designated as a place of federal confinement *nunc pro tunc*, i.e., occurring now as though it had occurred in the past. Barden, 921 F.2d at 480-83; BOP Program Statement 5160.05(9)(b)(4).   BOP policy requires that an inmate's request for presentence credit toward a federal sentence for time spent in service of a state sentence be considered as a request for *nunc pro tunc* designation pursuant to Barden.   Id. 5160.05(9)(b)(4).   While under no obligation to grant such a request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences."   Id. 5160.05(9)(b)(4)(b).

Here, the Court cannot find that the BOP abused its discretionary authority by declining to make a *nunc pro tunc* designation of the MDC as the facility for Petitioner to serve his federal sentence.  The BOP's administrative decisions set out the specific facts of Petitioner's situation, specifically referenced the applicable authorities – Barden, 18 U.S.C. §§ 3585(b) & 3621, and BOP Program Statements 5160.05 and 5880.28   – indicating that the appropriate factors were considered, and found that a concurrent designation was "not consistent with intent of the [federal] sentencing court, or with the goals of the criminal justice system." (Severson Decl., att. 5, at 2, 4, 6-7.)  Neither party

has presented any evidence regarding Petitioner's disciplinary history or institutional record, or any evidence of recommendations from any prison officials or the prosecutors as to whether designation to the Mississippi state prison would be appropriate.  As stated, the federal sentencing judgment did not reference the existing state sentence, much less make any recommendation regarding whether it should run concurrently with the federal sentence.  While the state sentencing court did direct concurrent sentences, the state court's order was not binding on the BOP in exercising its discretion to designate the place for Petitioner to serve his federal sentence.  Moreover, there is no evidence or allegation that the federal and state charges were related in any way or stemmed from the same events.[10]

The BOP did not articulate its reasons for denying Petitioner's request for *nunc pro tunc* designation, nor is there any indication that the BOP contacted the federal sentencing court to confirm its intent regarding Petitioner's existing state sentence.  However, nothing in Barden or the BOP policy requires the BOP to do either.  Rather, BOP policy requires that the federal sentencing court be contacted only "**if** a designation for concurrent service may be appropriate."  BOP Program Statement 5160.05(9)(b)(4)(c) (emphasis added).  The policy further provides that, "[n]o letter need be written if it is determined that a concurrent designation is not appropriate."  Id. 5160.05(9)(b)(4)(e).  Furthermore, as set forth above, independent assessment of the factors identified in BOP Program Statement

---

[10]Petitioner alleges, without dispute, that the federal firearms charges (resulting in the federal sentence at issue here) and the state firearms charges (for which he was arrested on November 30, 2002) stemmed from the same events.  However, the state sentence which Petitioner contends should have been concurrent to the federal sentence arose from an earlier, apparently unrelated state charge for cocaine possession.

5160.05 supports the BOP's discretionary decision to deny concurrent *nunc pro tunc* designation.

### III.

Petitioner also asserts that his federal defense counsel was ineffective for failing to request the Mississippi district court to run the federal sentence concurrent to the already-imposed state sentence.   Claims regarding an attorney's performance at a federal sentencing implicate the validity of the defendant's sentence and thus must be brought in a § 2255 motion in the sentencing court, rather than a § 2241 petition in the district of confinement.   This Court thus has no jurisdiction to consider Petitioner's ineffective-assistance claim.

### IV.

In summary, Petitioner's challenges to the BOP's computation of his federal sentence are without merit, and this Court lacks jurisdiction to consider his claims that the sentencing court erred in imposing the sentence or that counsel was ineffective at sentencing.   Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1) is DISMISSED in its entirety with prejudice.   Petitioner's motion for appointment of counsel (docket entry #17) is denied as moot.

IT IS SO ORDERED this 14th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE